# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN D. SHOREY, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-1289-W |
| JASON BRYANT, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action for a writ of habeas corpus. Pending before the Court is Respondent's Motion to Dismiss Time Barred Petition [Doc. No. 10] and Brief in Support of Motion to Dismiss Time Barred Petition [Doc. No. 11]. Petitioner has not responded. The matter has been referred by United States District Judge Lee R. West for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss Time Barred Petition [Doc. No. 10] be granted and habeas relief be denied as all grounds for relief are time-barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); *see* 28 U.S.C. § 2244(d)(1).

## I.  Background

The Petition [Doc. No. 1] is liberally construed as attacking three different proceedings arising from Petitioner's conviction in Case No. CF-2007-123, District Court of Creek County, State of Oklahoma: (1) his 2008 guilty plea to a charge of sexual abuse; (2) the revocation of the suspended sentence he had received upon his conviction for sexual abuse; and (3) the state

district court's rejection of his motion to review the sentence the district court imposed after revocation of his suspended sentence.[1]

In Case No. CF-2007-123, Petitioner entered an Alford plea of guilty to one charge of child sexual abuse. *See* Summary of Facts, Uniform Plea of Guilty; [Doc. No. 11-1] at 2; *see also* Judgment and Sentence Case No. CF-2007-123; [Doc. No. 11-1] at 13-16. Petitioner was sentenced to a twenty-year suspended sentence on March 12, 2008. *Id.* Petitioner did not attempt to withdraw his plea, file an appeal, or otherwise challenge his conviction and sentence.

Petitioner apparently was allowed to move to Missouri to be near his family and was placed under the supervision of the Division of Community Corrections of the State of Missouri. *See* Petition, [Doc. No. 1] at 20. On March 8, 2012, Petitioner's Missouri probation officer issued a violation report listing numerous violations of the conditions of Petitioner's suspended sentence. [Doc. No. 1] at 4. The violation report was forwarded to the Creek County District Attorney who filed a Motion to Revoke Suspended Sentence in Case No. CF-2007-123 on April 30, 2012. *See* Petition, [Doc. No. 1] at 20; *see also* Motion to Revoke Suspended Sentence, [Doc. No. 11-2].

The Creek County District Attorney and Petitioner's counsel negotiated an agreement regarding the revocation of the suspended sentence, and in Stipulation Proceedings before the state district court on July 2, 2013, the parties agreed Petitioner's suspended sentence would be revoked in part, and he would be sentenced to ten years in prison with credit for time served followed by ten years of supervised parole. *See* Transcript of Stipulation Proceedings [Doc. No.

---

[1] Petitioner's original filing [Doc. No. 1], was scanned into the Court's electronic filing system as one document, even though it was intended to be a Petition with attached exhibits. The Court will use the pagination assigned by the court's electronic filing system and will identify the separate documents, which were intended as exhibits, from which the underlying facts are gleaned.

11-3] at 5. Petitioner was notified of his right to withdraw his stipulation within ten days and warned that failure to do so would mean, "you've lost the right to complain about it later." *Id.* at 7. Petitioner did not attempt to withdraw his stipulation within the time allowed.

On April 17, 2014, Petitioner, through new counsel, filed a Motion for Review of Sentence, [Doc. No. 11-5], pursuant to Okla. Stat. tit. 22, § 982a(A). Petitioner's attorney did not deny the numerous instances of parole violation. Rather, Petitioner's attorney sought to mitigate the seriousness of the parole violations by arguing that Petitioner could not complete his various obligations because of circumstances beyond his control. The State objected to judicial review of the sentence on May 14, 2014, noting that the statute then in effect, Okla. Stat. tit. 22, § 982a(A) precluded judicial review or sentence modification "without the consent of the district attorney[.]" *See* Response to Defendant's Application for Judicial Review, [Doc. No. 11-6]. The State emphasized that it did not and would not agree to judicial review or sentence modification. *Id.* On June 2, 2014, the district court denied Petitioner's motion. *See* Order Denying Defendant's Motion for Review of Sentence [Doc. No. 11-7].

Petitioner, represented by counsel, filed an application for post-conviction relief on March 10, 2015, challenging both the revocation proceedings and the district court's rejection of Petitioner's Motion to Review Sentence. *See* Application for Post-Conviction Relief [Doc. No. 11-8]. Petitioner alleged ineffective assistance of counsel as the bases for the challenges to both proceedings. The district court denied Petitioner's application for post-conviction relief on July 1, 2015. *See* Post-Conviction Findings [Doc. No. 11-9]. Petitioner appealed the denial of post-conviction relief on May 8, 2015. *See* Post Conviction Appeal [Doc. No. 11-10]. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief on July 1, 2015. *See* Order Affirming Denial of Application for Post-Conviction Relief [Doc. No. 11-11].

3

## II. Grounds for relief

In the Order for Response [Doc. No. 8], Respondent was directed to address issues related to the proper characterization of the habeas petition. But despite having been directed to do so, Respondent identified neither the nature of the various grounds for habeas relief nor the proper procedural vehicle for asserting them. Thus, the Court finds Petitioner's challenge to the sufficiency of the evidence underlying his original conviction is properly brought pursuant to 28 U.S.C. § 2254.

But Petitioner is also challenging the revocation of his suspended sentence and the state district court's refusal to entertain a review of the sentence resulting from the revocation. [Doc. No. 1] at 2-9. These grounds for relief challenge the execution of his sentence rather than his conviction and are cognizable under 28 U.S.C. § 2241. *See Randall v. Allbaugh*, 2016 WL 5416361 at *1 n. 2 (10th Cir. Sep. 27, 2016) (challenges to the revocation of suspended sentence rather than the underlying conviction are properly brought under § 2241) (unpublished op.).

## III. Analysis

AEDPA imposes a one-year statute of limitations on "applications for habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1).[2] The period begins to run from "the latest of" four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(1), applies to the filing of a § 2241 petition. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

*Id.* AEDPA also contains a statutory tolling provision. The one-year limitation period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2).

### A. Ground One: Challenge to the 2008 Conviction

Petitioner includes one line in his Petition that could be interpreted as challenging his conviction pursuant to his guilty plea entered on March 12, 2008:

> PLEASE KNOW- NOT ONLY DID I NOT VIOLATE ANY OF THE PROBATION VIOLATIONS REPORTED, IT ALSO WAS NEVER SAID IN ANY OF THE REPORTS THAT I VIOLATED THE ORIGINAL CHARGE ACCUSED OF IN 2007.

[Doc. No. 1] at 3. Respondent correctly notes that Petitioner has not exhausted this claim. However, "[a] district court confronted with a mixed petition may either '(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.'" *Wood v. McCullom*, 833 F.3d 1272, 1273 (10th Cir. 2016) (*quoting Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002)). Because all grounds for relief raised in the petition are time-barred, this Court need not dismiss the Petition as a "mixed petition" but should instead deny the entire Petition on the merits. *See In Re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits).

### 1. Statutory Timeliness of Petition

Assuming Petitioner's bare, unsupported statement is sufficient to challenge his original conviction, his ground for relief must be denied as barred by the applicable statute of limitations. Petitioner entered his negotiated Alford plea[3] in Case No. CF-2007-123 on March 12, 2008. Because Petitioner did not move to withdraw his plea within ten days, his conviction became final on March 22, 2008, ten days after his judgment and sentence were entered. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 App. Petitioner's one-year limitation period began to run the next day and expired on March 23, 2009. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting anniversary method for calculating deadline under AEDPA). Petitioner neither appealed his conviction nor challenged it by filing an application for post-conviction relief during the one-year limitations period. Therefore, absent application of equitable tolling, Petitioner's challenge to his original conviction is time-barred, and habeas relief should be denied.

### 2. Equitable Tolling

The Supreme Court has held that, if a habeas petitioner fails to file a petition for habeas relief within the one-year limitations period, a court may still consider his claim if he is entitled to equitable tolling. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1935 (2013). The exception applies, however, only if a petitioner can demonstrate there is new evidence and "that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Id.* In other words, a claim of actual innocence may serve as a "gateway through which a petitioner may pass" to circumvent the statute of limitations bar to bringing an untimely habeas action. *Id.* at 1928. Not only has Petitioner failed to demonstrate that new evidence of

---

[3] An Alford plea is treated as a guilty plea for purposes of applying 28 U.S.C. §§ 2254; 2244. *See Gordon v. Franklin*, 456 Fed. App'x 739, 741-742 (10th Cir. 2012).

his innocence has surfaced since his conviction in Case No. CF-2007-123, he has failed to allege any deficiencies in process rendered his conviction unconstitutional in the first place. Accordingly, to the extent Petitioner is seeking habeas relief from his 2008 conviction, his claim is without merit and is time-barred, and he is not entitled to equitable tolling. Accordingly, habeas relief as to Petitioner's first ground for relief should be denied.

### B. Ground Two: Challenge to Revocation of Suspended Sentence

Petitioner contends he received constitutionally insufficient representation of counsel at his revocation proceedings:

> Attorney Decherd Thomas never reviewed the facts and did not raise any grounds, or investigate the charges, or prove my innocence in court or to the District Attorneys—he never advised me that I could ask for a hearing, but told me my only choice was to take what the DA said . . . "10 years in prison and 10 years probation, or he will give you 20 years in."

[Doc. No. 1] at 6. This claim, too, is barred by the applicable limitations period.

#### 1. Statutory Timeliness of Petition

On July 2, 2013, the state district court held Stipulation Proceedings resulting in the revocation of Petitioner's suspended sentence and his subsequent re-sentencing. [Doc. No. 11-3]. An appeal from an order revoking a suspended sentence is governed by the same rules applicable to appeals from felony convictions. *See* Okla. Stat. tit. 22, § 4. When a person has stipulated to violations of the conditions of a suspended sentence, Rule 2.5 of the Rules of the Oklahoma Court of Criminal Appeals allows the person ten days in which to file a notice of intent to appeal in the state district court. In this case, Petitioner did not file a notice of intent to appeal, and his AEDPA limitation period for filing a habeas action in federal court began to run on July 13, 2013. The one-year limitations period expired on July 13, 2014, sixteen months before Petitioner filed this action.

7

Petitioner filed a Motion for Review of sentence on April 17, 2014, and it was denied by the state district court on June 2, 2014. [Doc. Nos. 11-5; 11-7].[4] Even extending Petitioner's limitation period by the forty-six days this motion was pending does not make the habeas petition timely. His limitation period would have expired on August 28, 2014.

And of course, the Application for Post-Conviction Relief Petitioner filed on March 10, 2015, had no tolling effect because it was filed after the limitation period had expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-1143 (10th Cir. 2001) (post-conviction appeals filed after expiration of statutory year have no tolling effect).

### 2. Equitable Tolling

As discussed above, actual innocence may serve as a "gateway through which a petitioner may pass" to circumvent the statute of limitations bar to bringing a habeas action. *McQuiggin*, 133 S. Ct. at 1928. But Petitioner does not offer any new evidence that would tend to demonstrate he was not guilty of the probation violations to which he stipulated before the state district court. In fact, he admits he violated the conditions of his suspended sentence when he describes his Motion for Review of Sentence as a document "proving and showing violations did not fit the punishment and that each accusation had legitimate explanations." [Doc. No. 1] at 18.

Although Petitioner asserts that his counsel was ineffective in failing to talk to him enough about the alleged probation violations, his ground for relief is based simply on the fact that he wanted a better plea bargain than he got.

In an Affidavit filed with his Petition, [Doc. No. 1] at 8-9, Petitioner claims he did not want to agree to the plea bargain the district attorney offered, but that he had no choice. He

---

[4] Respondent argues the Motion for Review of Sentence was not "properly filed" within the meaning of § 2244(d)(2). The Court need not decide whether such a motion, properly filed or not, is a post-conviction action for purposes of tolling the limitations period. In this case, tolling or no, the outcome is the same.

further states that he wanted to file an appeal, but that his attorney would not call him or come to see him. *Id.* at 9. But Petitioner stops short of alleging he was actually innocent of the parole violations to which he stipulated.

Petitioner has also attached Affidavits of family members attesting to the alleged ineffectiveness of the attorney representing him at the Stipulation Proceedings. [Doc. No. 1] at 10-16. But none of these documents demonstrates Petitioner's actual innocence. Accordingly, Petitioner is not entitled to equitable tolling of the limitations period on his § 2241 challenge to the revocation of his suspended sentence.

### C. Ground Three: Challenge to Denial of Motion for Sentence Review

Petitioner's final ground for relief is that the attorney who filed his Motion for Review of Sentence, filed after his sentence revocation, was ineffective in that he lacked familiarity with the procedure for filing such a motion. This ground for relief, too, is barred from review by the applicable statute of limitations.

#### 1. Statutory Timeliness of Petition

Petitioner's Motion for Review of Sentence was filed on April 17, 2014. [Doc. No. 1] at 22-29. The state district court denied Petitioner's motion on June 02, 2014, based on the district attorney's refusal to consent to review. [Doc. No. 11-7].

Respondent acknowledges that the date Petitioner's limitation period began to run for this ground for relief is governed by 28 U.S.C. § 2244(d)(1)(D), the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. If the attorney's performance was constitutionally deficient, then Petitioner would have known that fact either when the motion was filed, or at least by the time the state district court denied the motion on June 2, 2014.

Using the latter date, Petitioner's limitations period would have begun to run on June 3, 2014, and would have expired on June 3, 2015. With eighty-seven days remaining in the limitations period, Petitioner filed an application for post-conviction relief on March 10, 2015, that tolled the one-year limitations period until the OCCA affirmed the state district court's denial of post-conviction relief on July 1, 2015. At that point, Petitioner had until September 28, 2015, to file his federal petition.[5] The instant habeas petition was filed on November 19, 2015, almost two months after the limitations period expired. Thus, Petitioner's final claim, absent equitable tolling, is also time-barred.

### 2. Equitable Tolling

Petitioner does not attempt to assert a claim of actual innocence to the parole violations with which he was charged and to which he stipulated. The Motion for Review of Sentence [Doc. No. 11-5] is not based on the contention that Petitioner did not commit the violations. Rather, the motion argued for sentence reduction because Petitioner had had no violations for four years, [Doc. No. 11-5] at 2; because the violations were allegedly caused by circumstances beyond Petitioner's control, [Doc. No. 11-5] at 2-6; and because the sentence was allegedly disproportionate to the nature of the violations [Doc. No. 11-5] at 7.

Having failed to allege or prove actual innocence regarding any of the grounds for relief, Petitioner is not entitled to equitable tolling of his time-barred claims.

### RECOMMENDATION

In sum, all of the grounds for relief raised by Petitioner are barred by AEDPA's one-year limitations period. Although the first ground for relief is technically unexhausted, dismissal of the Petition as a "mixed petition" is not required because a dismissal of a habeas claim as time-

---

[5] Because the eighty-seventh day fell on Saturday, September 26, 2015, Petitioner actually had two additional days, until Monday, September 28, 2015, to file his habeas petition.

barred is considered a decision on the merits, and "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Accordingly, Respondent's Motion to Dismiss Time Barred Petition [Doc. Nos. 10-11] should be granted, and habeas relief should be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 17, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 27th day of October, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE