IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN D. SHOREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-15-1289-W |
| ) | |
| JASON BRYANT, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On October 27, 2016, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss Petition for Habeas Corpus as Time Barred filed by respondent Jason Bryant, Warden. Although petitioner Stephen D. Shorey, a state prisoner proceeding pro se, was advised of his right to object to the Report and Recommendation, see Doc. 12 at 11, and of the consequences of his failure to do so, see id., no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Jones' suggested disposition of Bryant's request[1] that the Court dismiss this matter as untimely. All of the grounds for relief raised by Shorey in his Petition for Writ of Habeas Corpus ("Petition")[2] are subject to, and barred by, the one (1)-year statute of limitations established

---

[1] The record shows that Shorey did not respond or object to Bryant's Motion to Dismiss Petition for Habeas Corpus as Time Barred although he had been advised that if Bryant "file[d] a motion, . . . [he] may file a response within twenty-one days of the filing date." Doc. 8 at 2.

[2] Ground One of Shorey's Petition is unexhausted. See Doc. 1 at 3 ("Please know - not only did I not violate any of the probation violations reported, it also was never said in any of the reports that I violated the original charge [I was] accused of in 2007.")(capitalization and emphasis deleted); e.g., id. at 37. However, because all grounds for relief set forth in Shorey's Petition are

by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).[3]

Statutory tolling of AEDPA's one-year limitations period provides no relief in this instance, and no grounds exist that would justify equitably tolling. The Court is mindful, however, that habeas relief may nevertheless be warranted if the miscarriage of justice exception exists.[4] To the extent Shorey has claimed that he is entitled to such relief because he is "actually innocent,"[5] particularly in connection with his ineffective assistance of counsel claims, Shorey was obligated to show that, in light of "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013)(quoting Schlup, 513 U.S. at 329). Shorey has not made that showing.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 12] issued on October 27,

---

time-barred, dismissal of his Petition as a "mixed petition" is not required.

[3] Petitions filed pursuant to title 28, section 2254 and section 2241 of the United States Code are subject to AEDPA's one-year limitations period. Thus, to the extent, Shorey's Petition was brought under either section 2254 or section 2241, section 2244(d)(1) applies. See Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006).

[4] "[T]he rationale underlying the miscarriage of justice exception . . . ensur[es] 'that federal constitutional errors do not result in the incarceration of innocent persons.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013)(quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)).

[5] "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass[,]" id. at 1928, even where "the impediment is [the] . . . expiration of [AEDPA's one-year] . . . statute of limitations." Id.

2016;

(2) GRANTS Bryant's Motion to Dismiss Petition for Habeas Corpus as Time Barred [Doc. 10] filed on May 19, 2016;

(3) FINDS Shorey's claims are time-barred and thus, are denied on their merits for that reason, e.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)(per curiam)(dismissal of petition as time-barred is decision on merits); and

(4) DIRECTS judgment to be issued in favor of Bryant in accordance with this Order.

ENTERED this 29th day of November, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE